IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JASPER WAGNER,
    Petitioner,

v.                                                 Civil Action No. 3:20cv132 (DJN)

J. ANDREWS,
    Respondent.

## MEMORANDUM OPINION

Petitioner Jasper Wagner ("Petitioner" or "Wagner"), a federal inmate proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," (ECF No. 1)). Petitioner contends that the Bureau of Prisons ("BOP") "incorrectly applied jail credits" in the calculation of his federal sentence. (*Id.* at 6.)[1] Respondent Justin Andrews ("Respondent") has moved for summary judgment (Resp.'s Mot. for Summ. J. (ECF No. 6)), arguing that Petitioner's claims lack merit.[2] Despite the provision of *Roseboro*[3] notice and despite being given additional time to file a response, Petitioner failed to respond. For the

---

[1]     The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the punctuation, spelling, and capitalization and omits the emphasis in quotations from the parties' submissions.

[2]     Respondent's pleading was styled as a "Motion to Dismiss . . . , Or, In the Alternative, For Summary Judgment." (ECF No. 6.) Because the Court has considered the affidavit and supporting documents provided by Respondent, the Court will treat the submission as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56(c). Consequently, the portion of the Motion seeking Dismissal under Rule 12(b)(6) will be DENIED AS MOOT.

[3]     *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (holding that a *pro se* litigant must receive notice of the possibility of summary disposition of his case).

reasons stated herein, the Motion for Summary Judgment will be GRANTED and the § 2241 Petition will be DENIED.

## I. STANDARD OF REVIEW

The Court must enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, courts "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Moreover, the facts offered by

a sworn declaration must also be in the form of admissible evidence. Fed. R. Civ. P. 56(c)(4). In this regard, the statement in the sworn declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* Therefore, "summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citations omitted).

In support of his Motion for Summary Judgment, Respondent submits: (1) the Declaration of Robin Teters, a Management Analyst at the BOP's Designation and Sentence Computation Center in Grand Prairie, Texas ("Teters Decl." ECF No. 7–1); and (2) in excess of fifty pages of records related to Petitioner's various convictions and related BOP records (ECF No. 7–2).

Despite being given an extension of time to file a response to the Motion for Summary Judgment (ECF No. 9, at 1), Petitioner did not respond and the time for doing so has long since passed.[4] In light of the foregoing principles and submissions, the following facts are established

---

[4] The Court notes that Wagner did move for a continuance. (ECF No. 8.) However, that request was denied. (ECF No. 9.) Nevertheless, on June 11, 2020, the Court granted Wagner a thirty-day extension of time to file a response to Respondent's Motion for Summary Judgment. (*See id.*) Wagner did not use this time wisely. Rather than responding directly to the Motion for Summary Judgment, Wagner submitted a document that he called a "Motion for Relief." (ECF No. 10.) Even when liberally construed, this "motion," which essentially restates Wagner's § 2241 Petition, fails to constitute admissible evidence, as it is not a sworn statement. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (concluding that unsworn statements in pleadings do not constitute evidence). Over eight months have now passed since the Court provided Wagner with additional time to respond to the Motion for Summary Judgment and Wagner has failed to submit a proper response.

3

for purposes of the Motion for Summary Judgment.[5] The Court draws all permissible inferences in favor of Petitioner.

## II. FACTUAL BACKGROUND

On June 24, 2002, the United States District Court for the Eastern District of Tennessee sentenced Petitioner "to a 120-month term of imprisonment and three years of supervised released for seven counts of bank robbery." (Teters Decl. ¶ 6.)[6] On March 22, 2010, Petitioner was released from imprisonment and began his term of supervision. (*Id.*).

On December 28, 2010, state authorities arrested Petitioner in Mississippi. (*Id.* ¶ 7.) The next day, December 29, 2010, the United States Marshals Service ("USMS") took Petitioner into custody on charges of armed bank robbery and violation of his supervised release. (*Id.*)

On February 24, 2011, the United States District Court for the Eastern District of Tennessee sentenced Petitioner to a 24-month term of imprisonment for violating the terms of his supervised release ("2011 Supervised Release Sentence"). (*Id.* ¶ 8.) "The BOP prepared a sentence computation for [Wagner] with the sentence commencing on February 24, 2011, the date it was imposed." (*Id.*) Petitioner received "prior custody credits towards the completion of his [2011 Supervised Release Sentence] for the period of December 28, 2010 through February 23, 2011, during which time Petitioner was in custody pending conviction and sentencing." (*Id.*)

---

[5] The Court notes, as a technical matter, that even though Wagner's § 2241 Petition was sworn to under penalty of perjury, it primarily contains inadmissible and conclusory allegations. *See United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (internal quotation marks omitted) (citations omitted) ("[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice to stave off summary judgment"). Given the generalized and conclusory nature of Wagner's allegations, his § 2241 fails to create a material dispute of fact in any event. *Id.*

[6] The Court omits any secondary citations contained in the Teters Declaration.

4

On August 16, 2011, while serving his 2011 Supervised Release Sentence, Petitioner was transferred to the custody of the United States Marshal's service pursuant to a writ of habeas corpus *ad prosequendum* issued by the United States District Court for the Middle District of North Carolina. (*Id.* ¶ 9.) Petitioner subsequently agreed, pursuant to Federal Rule of Criminal Procedure 20, to transfer the related indictment from the Middle District of North Carolina to the Northern District of Mississippi for a plea. (*Id.*; *see also* ECF No. 7–2, at 36.)

On September 24, 2012, Petitioner completed his 24-month 2011 Supervised Release Sentence. (*Id.* ¶ 10.) Although Petitioner was released from his 2011 Supervised Release Sentence, he remained in federal custody, pursuant to an arrest warrant, pending the resolution of his new charges in the United States District Court for the Northern District of Mississippi. (*Id.*)

Approximately nine months later, on June 27, 2013, the United States District Court for the Northern District of Mississippi sentenced Petitioner to 130-months of imprisonment on said charges ("2013 Robbery Sentence").[7] (*Id.* ¶ 11.) The BOP prepared a sentence computation for Petitioner with his 2013 Robbery Sentence commencing on June 27, 2013, the date on which it was imposed. (*Id.*) Petitioner received "prior custody credit towards the [2013 Robbery Sentence] for the period of time between September 25, 2012 (the date after his release from his [2011 Supervised Release Sentence]) and June 26, 2013." (*Id.*) Petitioner did not receive any

---

[7] Wagner faced a total of eight charges arising out of three different case numbers: 2:11CR81, 3:12CR165, and, 3:12CR186. (ECF No. 7-2, at 38.) Case number 2:11CR81 originated in the Northern District of Mississippi, Case number 3:12CR165 originated in the District of South Carolina, and Case number 3:12CR186 originated in the Middle District of North Carolina. *United States v. Wagner*, No. 3:12–cr–165–MPM–SSA–1, ECF No. 4, at 1–2 (N.D. Miss. Jan. 10, 2013). Pursuant to Fed. R. Crim. P. 20, the matters were consolidated, and Wagner pled guilty to three charges, one from each respective case number. (*Id.*) Wagner received 130 months on each of the three charges to which he pled, and the sentencing judge determined that his time for each count was "to be served concurrently" with the other pending counts. (ECF No. 7-2, at 39.) The sentencing order makes no mention of Wagner's sentencing running concurrently with any other sentence. (*Id.*)

additional credit for time served before September 25, 2012, "as that period of time was [already] credited towards [Wagner's] 24–month [2011 Supervised Release Sentence]." (*Id.*)

Petitioner is currently housed at FCI Petersburg serving the balance of his 2013 Robbery Sentence from the Northern District of Mississippi. (*Id.* ¶ 5.) Petitioner has a projected "good time" release date of December 18, 2021. (*Id.*)

### III. ANALYSIS

Petitioner alleges in his § 2241 Petition, albeit in a very terse and inartful manner, that the BOP incorrectly calculated his federal sentence. Specifically, Petitioner states:

> [The] Bureau of Prison is improperly calculating [his] sentence because of incorrectly applied jail credits. When [he] was extradited to Mississippi, [he] spent from Mid–August 2011 until sentencing in LaFayette County Jail. [He] was only given credit from September 2012 on [his] computation as effectuated by the [Designation and Sentence Computation Center]. The sentence imposed in those case numbers should have been run concurrent instead of consecutive.

(ECF No. 1, at 6–7.) Affording Petitioner all the benefits of a liberal construction, the Court construes his claim to allege that he deserved additional credit towards his 2013 Robbery Sentence for the time that he was incarcerated between "Mid–August" of 2011 and September of 2012.[8] Petitioner also seems to allege that his 2013 Robbery Sentence should have run concurrently with his 2011 Supervised Release Sentence. Petitioner does not provide any authority to support either of these conclusory allegations. For the reasons stated below, Petitioner's claims lack merit.

---

[8] Wagner does not explicitly state why he believes "Mid–August" of 2011 is significant to the computation of his 2013 Robbery Sentence. However, it seems likely that this was an imprecise attempt to reference August 16, 2011, the date on which Wagner, while still serving his 2011 Supervised Release Sentence, was transferred to the custody of the Marshal's service pursuant to a writ of habeas corpus *ad prosequendum* issued by the Middle District of North Carolina. *See infra* at 4.

Respondent argues that Petitioner cannot receive the credit that he seeks, because that time has already been credited towards a prior sentence. (Mem. in Supp, of Resp.'s Mot. for Summ. J. (ECF No. 7) at 2.) Pursuant to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A sentence cannot commence before the date that a court imposes it. *See United States v. Labeille-Soto*, 163 F.3d 93, 98–99 (2d Cir. 1998) (holding that a federal court cannot "backdate" the commencement of sentence before the date of imposition); *see also United States v. McClean*, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (citations omitted) ("A federal sentence cannot commence prior to the date it is pronounced. Consequently, when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served.").

Section 3585(b) then provides that federal prisoners can receive credit for time that they have previously served under the following circumstances:

> **(b) Credit for prior custody.** - - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

As best as the Court can discern from his abbreviated pleadings, Petitioner seeks to have the period of time between August 16, 2011 and September 24, 2012 (the day that he finished

7

serving his 2011 Supervised Release Sentence) included in the computation of his 2013 Robbery Sentence. (ECF No. 1, at 6–8.) Clearly, however, Petitioner has already received credit for that time period in the computation of his 2011 Supervised Release Sentence. (Teter Decl. ¶¶ 8, 11.) Without citing any authority to support his position, Petitioner nevertheless asks this Court to compel the BOP to double-count that period of time, so that he may now receive credit for it for a second time in the computation of his 2013 Robbery Sentence, which he still serves today. This request, of course, runs afoul of 18 U.S.C. § 3585(b), which dictates that a federal prisoner may receive credit for only that time that he has previously served "*that has not been credited against another sentence.*" 18 U.S.C. § 3585(b) (emphasis added).

To grant Petitioner's request would not only contradict the clear language of the 18 U.S.C. § 3585(b), but it would also result in an undeserved windfall for Petitioner, who has already received all of the credit to which he is entitled. As such, the Court will decline Petitioner's request to compel the BOP to double-count the period in question. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (observing that "Congress made clear that a defendant could not receive a double credit for his detention time").

Moreover, Petitioner's unsupported suggestion that his 2013 Robbery Sentence should have run concurrently with his 2011 Supervised Release Sentence lacks both a legal and a factual basis. Petitioner completed his 2011 Supervised Release Sentence at least nine months before he received his 2013 Robbery Sentence. No portion of the 2011 Supervised Release Sentence remained with which the 2013 Robbery Sentence could concurrently run. *See McClean*, 1989 WL 5457, at *1 (citations omitted) (holding that "when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served"). Put another way, it would have been factually impossible for

the judge who sentenced Petitioner to his 2013 Robbery Sentence to run it concurrently with his 2011 Supervised Release Sentence, as Petitioner had already completely served that sentence. *See, e.g.*, *Thomas v. Williams*, 2016 WL 3960507, at *5 (N.D. W. Va. June 27, 2016) (first alteration in original) (observing that where "there [is] no overlap [between sentences], the sentences cannot run concurrently" (quoting *Cook v. Winn*, 472 F. Supp. 2d. 113, 115 (D. Mass. 2007))).

Even assuming that Petitioner's 2013 Robbery Sentence could theoretically run concurrently with his 2011 Supervised Release Sentence, Petitioner would nevertheless still not be entitled to have those two sentences run concurrently. Unless the sentencing court specifically states a contrary intent, "[m]ultiple terms of imprisonment imposed at different times run consecutively." 18 U.S.C. § 3584(a). Here, the record lacks any indication that the judge who imposed Petitioner's 2013 Robbery Sentence had any intention of running it concurrently with any prior sentences, much less the 2011 Supervised Release Sentence, which Petitioner had already completely served.

Petitioner's claims obviously lack merit. Petitioner has received all of the credit to which he is entitled, and his 2013 Robbery Sentence simply could not have run concurrently with his already–served Supervised Release Sentence. As such, Petitioner has failed to establish that the BOP has erred in the calculation of his sentence. Accordingly, the Motion for Summary Judgment will be GRANTED, and Petitioner's §2241 Petition will be DENIED.

## IV. Conclusion

For the reasons stated above, the Motion for Summary Judgment (ECF No. 6) will be GRANTED. The alternative Motion to Dismiss (ECF No. 6), it will be DENIED AS MOOT. Petitioner's § 2241 Petition (ECF No. 1) and his Motion for Relief (ECF No. 10) will be both be DENIED. Petitioner's claims will be DISMISSED.

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 24, 2021